IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:09-CR-229-RJC-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MICHAEL TERRELONGE, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on an oral motion to substitute counsel made in open court by the Defendant on July 30, 2010. In his motion, the Defendant, Michael Terrelonge, seeks an order from the Court directing the withdrawal of his current appointed counsel, Eric Bach, and directing that new counsel be appointed in Mr. Bach's place. As set forth in greater detail below, the Court held a hearing regarding the oral motion, a portion of which was conducted *ex parte* to ensure a full exploration of the issues, on July 30, 2010. After careful consideration of the motion, the information presented at the hearing, and applicable authority, the Court has determined that the motion should be denied.

The standard for considering motions to withdraw and motions to substitute new appointed counsel is familiar. In United States v. Mullen, 32 F.3d 891 (4th Cir. 1994), the Fourth Circuit set out a three part test for evaluating a district court's decision on such a motion: 1) timeliness of the motion; 2) adequacy of the court's inquiry into the defendant's complaint; and 3) whether the attorney/client conflict was so great that it resulted in total lack of communication preventing an adequate defense. Mullen, 32 F.3d at 895.

Case law also sets forth that defendants represented by appointed counsel are not entitled to counsel of their choice, or even counsel they like, but rather only constitutionally adequate counsel.

"[T]he Sixth Amendment does not guarantee a meaningful relationship or even substantial rapport between a defendant and his counsel." Sanders v. United States, 2008 WL 2704523 at *4 (N.D.W.Va. 2008); see also, Morris v. Slappy, 461 U.S. 1, 13-14. "Generally speaking, the reported fact that defendant and counsel are not 'getting along' is insufficient to require appointment of substitute counsel." Id. "The Fourth Circuit has gone on to state that a court is within its limits in denying a motion to substitute counsel when the conflict is due to defendant's belligerence." Id. at *5, citing U.S. v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995)("district court is not compelled to substitute counsel when the defendant's own behavior creates a conflict.") The trial court also has broad discretion where a motion to withdraw is untimely.

During the hearing on this matter, the undersigned heard at some length from Mr. Bach and the Defendant. Their respective remarks, to be fair, do suggest they are having some difficulty communicating about the defense of the case. The Defendant suggests, in pertinent part, that he does not trust Mr. Bach because he is "working with the government." The Defendant stated that he does not want to meet further with Mr. Bach. Mr. Bach concedes that he is having some difficulty communicating with the Defendant, particularly at recent meetings, but he is prepared to continue to do his best defending Mr. Terrelonge's case – either by negotiating a favorable plea or by preparing a jury trial presentation. The charges against the Defendant are serious, including multiple counts carrying possible consecutive sentences under Title 18 U.S.C. § 924(c), and the trial is imminent, as addressed below.

The Court listened carefully to the remarks of both Mr. Bach and the Defendant. While the Court acknowledges the Defendant's concerns and his desire to have new counsel appointed, the Court does not find from this record that this situation constitutes a "total lack of communication preventing an adequate defense" as envisioned in the *Mullen* case. There is no basis for the

2

Defendant's allegations about Mr. Bach's relationship with the Government, and it is the Defendant's behavior that has exacerbated this problem. Mr. Bach has indicated he will continue to do the best job he possibly can defending Mr. Terrelonge's case. The Court believes that Mr. Bach and the Defendant can work together for the scheduled upcoming trial to prepare the Defendant's case for either a negotiated plea or an effective jury trial presentation.

In addition to finding that the *Mullen* requirement of a "total lack of communication preventing an adequate defense" has not been met, the Court also notes the additional issue of the timeliness of the motion. Mr. Bach has been the Defendant's lawyer since December 22, 2009. While a motion to continue the upcoming trial is pending, it has not yet been granted, and the trial in the case is currently set for as early as Monday, August 2, 2010 – a very few days away. The fact that the oral motion to substitute counsel was made so close in time to the beginning of the trial – particularly in a fairly involved case – also militates against substitution of counsel in this instance.

**IT IS THEREFORE ORDERED** that the Defendant's oral motion to substitute appointed counsel is hereby **DENIED**.

Signed: July 30, 2010

David C. Keesler
United States Magistrate Judge