**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO: 3:09-CR-229-RJC-DCK-1**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL GENE TERRELONGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Defendant's "Motion to dismiss indictment" (Document No. 59) filed October 27, 2010. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and is now ripe for review. The government has not filed a response and the time to do so has lapsed. Having carefully considered the motion, the record, and applicable authority, the undersigned will recommend that the motion be denied.

Defendant has filed his "motion to dismiss under Rule 12(b)" and alleges that the indictment in this matter was deficient. (Document No. 59, p.2). Pursuant to Rule 12(b), "a motion alleging a defect in instituting prosecution" or "alleging defect in the indictment or information" must be raised before trial. Fed.R.Crim.P. 12(b)(3)(A) and (B); see also, U.S. v. Brown, 715 F.Supp.2d 688, 690 (E.D.Va. 2010)("as Rule 12(b) is organized today, the text of Rule 12(b)(3) requires that motions alleging a defect in an indictment be made before trial").

In this case, Defendant's motion to dismiss the indictment was filed on October 27, 2010, eight (8) days *after* his trial and the entry of a jury verdict on October 19, 2010. (Document No. 57). Defendant's motion is therefore fatally flawed and the undersigned must recommend that it be

denied.

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to dismiss indictment" (Document No. 59) be **DENIED**.

### NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the government, the *pro se* Defendant, and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: November 16, 2010

David C. Keesler
United States Magistrate Judge