IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00360-RJC
(3:09-cr-00229-RJC-DCK-1)

| | |
|---|---|
| MICHAEL GENE TERRELONGE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which he filed pursuant to 28 U.S.C. § 2255. Also before the Court are two Motions to Amend his § 2255 Motion, (Doc. Nos. 4, 6, 15), and several other miscellaneous motions. For the reasons that follow, Petitioner's § 2255 Motion, as amended, will be dismissed.

I.  BACKGROUND

Petitioner was charged in a superseding bill of indictment with one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count One); two counts of bank robbery/armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a), (d) and 18 U.S.C. § 2 (Count Two); and one count of using, carrying, possessing and brandishing of a firearm during and in relation to a crime of violence (bank robbery), and aiding abetting the same, all in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)(ii) and 18 U.S.C. § 2 (Count Three). Petitioner was also charged with two additional counts of bank robbery/armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Counts Four and Six); and two counts of

1

using, carrying, possessing and brandishing a firearms during and in furtherance of a crime of violence (bank robbery), in violation 18 U.S.C. § § 924(c)(1)(A)(i),(ii), (C)(i) (Counts Five and Seven). (3:09-cr-00229, Doc. No. 15: Superseding Indictment). At his arraignment, Petitioner elected to proceed not guilty.[1] Petitioner was convicted by a jury on all seven counts in his superseding indictment following a two-day trial.[2] On September 22, 2011, Petitioner was sentenced to a total term of 744-months' imprisonment and he appealed. (Id., Doc. No. 82: Judgment).

On appeal, Petitioner challenged the magistrate judge's decision to deny his pretrial, oral motion for substitution of counsel and this Court's finding that Petitioner's decision to proceed pro se at trial was knowing and voluntary. The Circuit panel rejected each of Petitioner's arguments. The Court also found no merit in Petitioner's contention that his three mandatory, consecutive terms of imprisonment for conviction of the § 924(c) offenses represented procedural error. Petitioner's judgment was affirmed in all respects in per curiam opinion. United States v. Terrelonge, 520 F. App'x 151 (4th Cir.) (unpublished), cert. denied, 134 S. Ct. 228 (2013).

II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and

---

[1] Prior to trial, Petitioner's counsel filed a motion for an order requiring Petitioner to undergo a psychiatric or psychological examination to determine whether he was competent to stand trial. The motion was granted and following his examination, a competency hearing was held before the magistrate judge and Petitioner was found competent to stand trial.

[2] Petitioner's counsel filed two motions to withdraw from representation citing a lack of cooperation on the part of Petitioner in preparing his case for trial. The motions were denied as was Petitioner's motion for substitution of counsel. Petitioner appealed to the undersigned and Petitioner was allowed to represent himself at trial and his attorney, Eric Bach, was appointed as standby counsel.

2

the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides, in relevant part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In this collateral proceeding, Petitioner has presented twelve claims in his effort to establish that his is entitled to relief from his judgment. Before turning to Petitioner's claims, the Court first observes that a habeas petition "is expected to state facts that point to a real possibility of constitutional error." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). In other words, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." Id. (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)).

Ground One: In this first claim, Petitioner challenges the jurisdiction of the federal courts over his prosecution, and in particular, over the "real religious property (Temple) the body

3

(upper and lower case) Michael Gene Terrelonge." (3:14-cv-00360, Doc. No. 1 at 4-6). This claim is nonsensical and will be dismissed.

Ground Two: Petitioner contends that his First Amendment rights were violated during his prosecution because he "was deprived of his rights of privacy by the AGENTS of the UNITED STATES Corporation, imprisoned (kidnapped) with strangers to be disenfranchised (inmates) and processing my (Michael Gene Terrelonge) finger print (SEAL) into their corporate data bank." (Id. at 7-8) (Emphasis in original). This ground for relief is plainly without merit and it will be denied.

Ground Three: Petitioner next argues that his Second Amendment right to bear arms was violated however he offers no lucid support for this claim and it will be denied.

Ground Four: Petitioner argues here that his Fourth Amendment right to be free from an unreasonable search and seizure was violated when law enforcement "seized [the] real religious property (Temple) human body" of Petitioner. (Id. at 13-14). This claim fails, for among other reasons, because law enforcement had obtained a valid arrest warrant following the return of his original indictment on December 15, 2009, and he was arrested a few days later and detained pending his federal trial. Petitioner's claim also fails because he did not raise it on appeal therefore it is waived. "Habeas review is an extraordinary remedy" and is not a proper substitute for an appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citation omitted).

Ground Five: In this claim, Petitioner argues that his Fifth Amendment right to Due Process, to be free from self-incrimination, and to be free from Double Jeopardy were violated during his prosecution. (Id. at 14-15). Petitioner bases this argument, such as it is, on his repeated

contention that the federal courts did not have personal or subject matter jurisdiction to prosecute him which is plainly without foundation.

Petitioner's challenges to the legality of the evidence that was seized by law enforcement and presented at his federal trial and his contention that he was deprived of discovery are likewise meritless, and in any event these claims are waived because he failed to present these arguments on appeal. The claim that Petitioner was forced to testify against himself is without basis as he did not testify at his trial. (3:09-cr-00229, Doc. No. 94: Tr. of Sentencing at 142).

Petitioner's Double Jeopardy challenge is also without foundation as is the contention that his counsel was ineffective in failing to challenge his confession because the record makes plain that his confession, even if damaging to his case, was knowing and voluntary.

Ground Six: Petitioner continues his march through the Bill of Rights this time maintaining that his Sixth Amendment right to confront witnesses, his right to a jury trial and a Speedy Trial, and his right to counsel were violated. (3:14-cv-00360, Doc. No. 1 at 17-18). These arguments are waived because they were not presented on direct appeal and to the extent Petitioner contends that he was denied his right to counsel, this claim is precluded by the Fourth Circuit's ruling that his motion for substitute counsel was not denied in error and that he knowingly and intelligently waived his right to counsel. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.") (citing United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)).

Petitioner's claim that his counsel may have contributed to the delay in his trial fails to present a colorable of claim of prejudice, let alone deficient performance as it appears that the

5

delays were largely attributable to the evaluation of Petitioner's competency, and Petitioner's refusal to work with counsel in an effort to prepare for trial which necessitated motions to withdraw and additional time for hearings. Moreover, Petitioner offers no discernible argument in support of relief on Speedy Trial grounds.

Ground Seven: Petitioner claims that his Seventh Amendment rights were violated because law enforcement and the judicial system "conspired" to deprive Petitioner of his "inherited rights and conspired to convict (kidnap)" him and deprive him of a fair trial. This argument will be dismissed because it fails to state any possible ground for relief. (Id. at 21-26).

Ground Eight: Next, Petitioner argues that his Eighth Amendment right to be free from excessive bail, fines, and cruel and unusual punishment were violated. (Id. at 26). These claims will be dismissed because Petitioner did not present the first two claims on appeal and the Fourth Circuit rejected any challenge to his sentence after concluding that mandatory terms of imprisonment for the § 924(c) offenses was statutorily prescribed.

Ground Nine: Petitioner's Ninth Amendment challenge to his prosecution and subsequent conviction and sentence will be dismissed because it plainly fails to state any reasonable claim for relief. (Id. at 27-28).

Ground Ten: Petitioner's contention that his Tenth Amendment rights were violated will be dismissed because it is simply without merit. (Id. at 30).

Ground Eleven:[3] Petitioner presents another claim that the federal government did not have subject matter jurisdiction to prosecute him on the charges related to his bank robberies because at the time the federal government first indicted him on the charges, similar charges

---

[3] Petitioner filed two motions to amend his § 2255 motion to include additional claims: Grounds Eleven and Twelve. The motions to amend will be allowed because the claims relate back to the original § 2255 motion.

were pending in state court. (Id., Doc. No. 4 at 2-3). Petitioner's claim will be denied because there is no such prohibition on dual sovereigns proceeding on similar charges. Petitioner's remaining contentions – abuse of process, false imprisonment, misapplication, misrepresentation, and failure to meet burden of proof, etc. – will also be denied because they were not raised on direct appeal and in any event, they are clearly meritless.

Ground Twelve: In his final claim, Petitioner renews his challenge to the subject matter jurisdiction of the federal courts to try him on the bank robbery counts and the related crimes and to sentence him to prison following conviction. (Id., Doc. No. 6). This claim is plainly meritless and it will be denied.

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 Motion, as amended, is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's pro se Motions to Amend/Correct his § 2255 Motion to Vacate are **GRANTED**. (Doc. Nos. 4, 6).

2. Petitioner's § 2255 Motion to Vacate, as amended, is **DENIED** and **DISMISSED with prejudice**. (Doc. Nos. 1, 4, 6).

3. Petitioner's Motion for Disposition is **DISMISSED as moot**. (Doc. No. 7).

4. Petitioner's Motion for Summary Judgment is **DENIED**. (Doc. No. 11).

5. Petitioner's Motion for Default Judgment is **DENIED**. (Doc. No. 13).

6. Petitioner's Motion to Amend/Correct his Motion for Default Judgment is **DENIED**. (Doc. No. 15).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: November 30, 2015

_/s/ Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
United States District Judge