IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CR-00229-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| MICHEL GENE TERRELONGE | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for compassionate release based on the COVID-19 pandemic and changes in sentencing law under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, (Doc. No. 157), the government's response in opposition, (Doc. No. 161), the defendant's reply, (Doc. No. 164), and various addenda, (Doc. Nos. 158, 162, 165).

I. BACKGROUND

The defendant was found guilty of seven offenses, including one count of conspiracy to commit bank robbery, three counts of armed bank robbery, and three counts of brandishing a firearm during and in relation to a federal crime of violence on October 19, 2010. (Doc. No. 57: Verdict). On September 22, 2011, the Court sentenced him to 60 concurrent months on each of the conspiracy and substantive armed robbery counts, 84 consecutive months on the first brandishing count, and 300 consecutive months on each of the second and third brandishing counts, for a total of 744 months' imprisonment. (Doc. No. 82: Judgment at 1-2).

The defendant previously sought compassionate release based on his diabetic condition. (Doc. No. 154: Motion at 1). The government responded that the defendant failed to exhaust his administrative remedies as required by § 3582(c)(1)(A).[1] (Doc. No. 155: Response at 7-8). The Court agreed with the government and denied the motion without prejudice. (Doc. No. 156: Order).

The defendant then requested that the Court waive the exhaustion requirement, (Doc. No. 157: Amended Motion), but also provided documentation of the denial of his request for compassionate release by the warden of his institution, (Doc. No. 158-1). In an addendum, the defendant raised a claim regarding "stacking" 18 U.S.C. § 924(c) sentences. (Doc. No. 162). In his reply, he asserted that his mental illness is another risk factor for COVID-19. (Doc. No. 164). The matter is now ripe for decision.

II. DISCUSSION

Ordinarily, a court may not modify a sentence once it is imposed. 18 U.S.C. § 3582(c). Section § 3582(c)(1)(A)(i) provides an exception that allows a court to reduce a sentence, after consideration of the factors in § 3553(a), upon finding that "extraordinary and compelling reasons warrant such a reduction," and that "such a

---

[1] Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the BOP Director. Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier. Pub. L. No. 115-391, 132 Stat. 5194, 5239.

reduction is consistent with applicable policy statements issued by the Sentencing Commission." The United States Court of Appeals for the Fourth Circuit recently recognized that that the Sentencing Commission has not issued policy statements since the amendment of § 3582(c)(1)(A) by the First Step Act. <u>United States v. McCoy</u>, --- F.3d ---, 2020 WL 7050097, at *7 (4th Cir. 2020). However, the appellate court noted the previously issued policy statement, USSG §1B.13, "remains helpful guidance" for motions filed by defendants in district court. <u>Id.</u> at n.7. As the movant, the defendant bears the burden of proving his suitability for a § 3582 sentence reduction. <u>United States v. Hamilton</u>, 715 F.3d 328, 337 (11th Cir. 2013).

One of the criteria for granting relief suggested by Sentencing Commission is that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).[2] USSG §1B1.13(2). The defendant

---

[2] A determination of dangerousness takes into account:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

3

has not made this showing. The government rightly points to the defendant's criminal convictions for 3 armed bank robberies, during which he brandished a firearm and even put it to one victim's head. (Doc. No. 161: Response at 3-4; Doc. No. 71: Presentence Report (PSR) ¶¶ 4-8). Additionally, after his arrest he confessed to 17 other armed bank robberies dating back to 2004, stating he "always carried a gun and always wore a bullet proof vest." (Id. ¶ 10). He also admitted to discharging a firearm during an unindicted robbery of a BB&T branch on June 29, 2004. (Id.). At sentencing, the Court varied downward from the advisory guideline range on the conspiracy and substantive robbery counts in light of the mandatory sentences for the § 924(c) counts and found that the sentence was sufficient, but not greater than necessary, to accomplish the § 3553(a) sentencing objectives, primarily to protect the public from further crimes of the defendant. (Doc. No. 95: Sent. Hr'g Tr. at 12-13). The defendant has not provided any evidence of post-sentencing rehabilitation to mitigate the Court's continuing concern about his danger to the community.

---

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

4

Case 3:09-cr-00229-RJC-DCK   Document 167   Filed 01/15/21   Page 4 of 7

The Court further finds that the defendant's diabetic and mental illness conditions, and any resulting increased risk for COVID-19, do not amount to extraordinary and compelling reasons to grant a sentence reduction.[3] Recent medical records document that his needs are being met, (Doc. No. 158-3), and the BOP has taken appropriate precautions to address the challenges presented by the COVID-19 pandemic, (Doc. No. 161: Response at 7-11). Accordingly, the defendant has not shown he is currently suffering from a serious medical condition that substantially diminishes his ability to provide self-care within the correctional facility or other exceptional and compelling reason. See USSG §1B1.13(1)(A), comment. (n.1(A)(ii), (D)).

---

[3] Section 1B1.13, comment. (n.1), counsels that extraordinary and compelling reasons exist in the following circumstances:

(A) Medical Condition of the Defendant.—

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

5

Finally, the defendant raises the issue of a new statutory amendment affecting the "stacking" provision in § 924(c). (Doc. No. 162). Under the First Step Act, the 25-year mandatory minimum sentence in § 924(c)(1)(C) no longer applies to multiple violations in a single prosecution. Pub. L. 115-135 § 403(a) (2018); <u>United States v. Jordan</u>, 952 F.3d 160, 171 (4th Cir. 2020). Although that provision is not retroactive, the Fourth Circuit recently found no error in the exercise of discretion under § 3582(c)(1)(A) by district courts which reduced stacked § 924(c) sentences in light of the current punishment authorized by Congress, after individualized consideration of factors such as the defendants' youth at the time of their offenses, post-sentencing conduct, and the length of time already served. <u>United States v. McCoy</u>, --- F.3d ---, 2020 WL 7050097, at *7 (4th Cir. 2020).

Here, the Court finds the defendant is not so deserving. He was 22 years old when he was first convicted of a drug offense in New York, (Doc. No. 71: PSR ¶ 53), and began robbing banks approximately 13 years later. That string of approximately 20 armed robberies spanned a 5-year period, resulting in his sentencing at age 43. Thus, the defendant's serious and protracted criminal conduct was not the result of youthful indiscretion. The defendant has been in custody approximately 11 years, but just one of the 17 uncharged armed bank robberies could have increased his sentence at least 10 years for discharging a gun during the offense. 18 U.S.C. § 924(c)(1)(A)(iii). Accordingly, the Court does not find

the length of sentence resulting from stacking § 924(c) convictions for a portion of the defendant's violent activity to be a sufficient basis for compassionate release.

Thus, the Court will decline to exercise its discretion under 18 U.S.C. § 3582(c)(1)(A) because it does not find extraordinary and compelling reasons to reduce the defendant's sentence considering the factors in 18 U.S.C. § 3553(a). The Court is not persuaded that the defendant would not pose a danger to the community upon his release and the defendant has not established that he is suffering from a terminal illness or serious medical condition that cannot be managed by the BOP. See USSG §1B1.13(1)(A), (2), comment. (n.1).

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's motion for compassionate release, (Doc. No. 157), is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant and the United States Attorney.

Signed: January 14, 2021

Robert J. Conrad, Jr.
United States District Judge

7

Case 3:09-cr-00229-RJC-DCK   Document 167   Filed 01/15/21   Page 7 of 7