UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00137-RJC
(3:09-cr-00229-RJC-DCK-1)

| | |
|---|---|
| **MICHAEAL GENE TERRELONGE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's pro se Petition [Doc. 1], which the Court construes as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

**I.     BACKGROUND**

On October 19, 2010, a jury found Petitioner Michael Gene Terrelonge guilty of one count of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; one count of armed bank robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 2113(d) and 2; one count of possessing and brandishing a firearm during and in relation to a crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 924(c) and 2; two counts of armed bank robbery in violation of 18 U.S.C. § 2113(b); and two counts of possessing and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c). [Criminal Case No. 3:09-cr-00229-RJC-DCK ("CR"), Doc. 57: Jury Verdict; Doc. 82: Judgment]. Petitioner was sentenced to a term of imprisonment of 744 months. [CR Doc. 82 at 2]. Judgment on Petitioner's convictions was entered on September 29, 2011. [Id.]. Petitioner appealed his

criminal convictions and sentence and the Fourth Circuit affirmed. United States v. Terrelonge, 520 Fed. App'x 151 (4th Cir.) (unpublished), cert. denied, 134 S. Ct. 228 (2013).

On June 30, 2014, Petitioner filed a Section 2255 motion to vacate, which this Court denied and dismissed on the merits on November 30, 2015. [Civil Case No. 3:14-cr-00360-RJC, Docs. 1, 16]. Petitioner filed the instant 156-page petition, which the Court construes as a § 2255 motion to vacate, on March 30, 2021. [Doc. 1]. In the instant motion, Petitioner asserts that the District Court lacked subject matter and territorial jurisdiction over Petitioner in his criminal proceedings. [See id.]. Petitioner also claims that certain presumptions operated in his criminal trial that deprived Petitioner of due process of law. [Id.]. Petitioner "move[s] this court to dismiss, vacate, set-aside and void ab initio the criminal judgment in the instance." [Id. at 122].

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Petitioner filed the instant motion to vacate on March 30, 2021, seeking that the judgment in Criminal Case No. 3:09-cr-00229-RJC-DCK-1 be dismissed, vacated, set aside, and voided. As noted, Petitioner filed a previous motion to vacate the same conviction on June 30, 2014, which was dismissed on the merits.

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a

prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. See § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Petitioner provides no evidence that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. Consequently, the Court lacks jurisdiction to consider the instant Motion to Vacate, and it must be dismissed. See Winestock, 340 F.3d at 205.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the

denial of a constitutional right).

Signed: April 13, 2021

Robert J. Conrad, Jr.
United States District Judge