UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-121-RJC
(3:09-cr-229-RJC-DCK-1)

| | |
|---|---|
| **MICHAEL GENE TERRELONGE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **ORDER** |
| **v.** ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** comes before the Court on pro se Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

I.  BACKGROUND

Petitioner proceeded to trial *pro se* and was found guilty by a jury of: conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count One); armed bank robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 2113(a), (d), and 2 (Count Two); brandishing a firearm during and in relation to a crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(ii) and 2 (Count Three); armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (Counts Four and Six); and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i)-(ii), C(i) (Counts Five and Seven). (3:09-cr-229 ("CR") Doc. Nos. 15, 57). The Court sentenced him, while represented by counsel, to 744 months' imprisonment, comprised of 60-month concurrent terms for the conspiracy and

1

bank robbery counts, a mandatory consecutive sentence of 84 month for the first § 924(c) firearm count, and a 300-month consecutive mandatory sentences for both of the other § 924(c) counts. (CR Doc. No. 82). Petitioner challenged his conviction and sentence on direct appeal and the Fourth Circuit Court of Appeals affirmed. United States v. Terrelonge, 520 F. App'x 151 (4th Cir. 2013). The Supreme Court denied certiorari. Terrelonge v. United States, 571 U.S. 895 (2013).

Petitioner filed his first *pro se* Motion to Vacate pursuant to § 2255 in 2014, Case No. 3:14-cv-360. The Court denied the petition on the merits Terrelonge v. United States, 2015 WL 7738379 (W.D.N.C. Nov. 30, 2015), and Petitioner did not appeal. In 2017, Petitioner filed a petition asking the Court to reopen the § 2255 case, which was denied. Terrelonge v. United States, 2018 WL 4566679 (W.D.N.C. Sept. 24, 2018).

Petitioner then filed a Motion in the Fourth Circuit, seeking authorization to file a second or successive Motion to Vacate pursuant to 28 U.S.C. § 2244, Case No. 19-398. The Fourth Circuit denied the Petition on October 18, 2019.

In 2021, Petitioner filed a *pro se* Petition in this Court that was construed as his second § 2255 Motion to Vacate, Case No. 3:21-cv-137. It was dismissed as an unauthorized successive Motion to Vacate on April 13, 2021. Terrelonge v. United States, 2021 WL 1394852 (W.D.N.C. April 13, 2021). An appeal is presently pending in the Fourth Circuit, Case No. 22-6320.

On March 10, 2022, Petitioner filed another Motion in the Fourth Circuit seeking authorization to file a second or successive Motion to Vacate, Case No. 22-140. He simultaneously filed the instant § 2255 Motion to Vacate in this Court. (Doc. No. 1). On March 23, 2022, the Court stayed the instant action *sua sponte,* pending the Fourth Circuit's review of the § 2244 Motion. (Doc. No. 2). The Court's independent review of the Fourth Circuit's electronic docket reveals that the § 2244 Motion was denied on March 28, 2022, and Petitioner's Motion for Reconsideration

2

was denied on April 18, 2022. Accordingly, the stay will be lifted.[1]

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

## III. DISCUSSION

The instant Motion to Vacate is an unauthorized second or successive § 2255 action over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 that was denied on the

---

[1] The Court's Order that the Petitioner inform the Court, within 30 days, that the Fourth Circuit has resolved Case No. 22-140 is therefore moot.

merits. A second § 2255 Motion to Vacate was dismissed as successive, and that is now on appeal. Petitioner has now filed this, his third § 2255 Motion to Vacate for which the Fourth Circuit has denied his successiveness application. Accordingly, the instant petition will be dismissed as an unauthorized second or successive § 2255 Motion to Vacate over which the Court lacks jurisdiction.

### III. CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. The stay in this matter is hereby **LIFTED**.

2. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. No. 1), is **DISMISSED** for lack of jurisdiction.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: May 4, 2022

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge