**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-CR-229-RJC-DCK**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|                            **Plaintiff,** ) | |
| ) | |
| v.                              ) | **CONSENT ORDER** |
| ) | |
| MICHAEL GENE TERRELONGE, ) | |
|                            **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** upon Motion for Entry of Consent Order, (Doc. No. 202), by consent of Plaintiff, the United States of America ("United States" or "Government"), and Defendant Michael Gene Terrelonge ("Defendant"), (collectively, "Parties"), to issue an Order in favor of the United States according to the following terms, in resolution of the Government's motion for turnover of funds in Defendant's trust account, (Doc. No. 196). The Parties stipulate and agree, and the Court finds as follows:

1. Defendant is Michael Gene Terrelonge, Register Number 24254-058, with the last known address of U.S. Penitentiary Beaumont, 6200 Knauth Road, Beaumont, TX 77705. Defendant is scheduled to be released from custody in May 2063.

2. Judgment was entered on September 22, 2011. (Doc. No. 82). The Court ordered Defendant to pay $16,875.00 in restitution, to be paid jointly and severally with his co-defendant, and a $700.00 special assessment. Id. at p. 4. The Court also ordered that "payment of criminal monetary penalties shall be due during the period of imprisonment" and "begin[s] immediately." Id. at p. 6.

3. Defendant has paid $125.00 of the special assessment prior to its expiration and $150.00

1

toward restitution. The total balance due in this case is $12,412.00 as of October 24, 2023.

4. The United States learned that Defendant has funds in his Bureau of Prisons ("BOP") inmate trust account that could be applied toward the restitution ordered in this case and requested that BOP encumber all but $200.00 of the funds. On August 16, 2023, the BOP confirmed that $891.40 of Defendant's funds were restrained.

5. On September 18, 2023, the Government moved for an Order authorizing the BOP to turn over to the Clerk of Court nonexempt funds in the amount of $891.40 held in Defendant's inmate trust account as partial payment towards his restitution debt. (Doc. No. 196).

6. Since the filing of the Government's motion for turnover, the Parties have engaged in discussions to resolve the issues raised, and a resolution was ultimately reached as described in the Joint Notice of Resolution. (Doc. No. 201). Defendant agrees to a turnover of funds in the lowered amount of $600.00, and accordingly, the United States will request that the encumbrance of funds in the amount of $291.40 be lifted. Defendant also agrees to continue participation in the Inmate Financial Responsibility Program ("IFRP"), if available, during his entire term of imprisonment, at a rate of not less than $25.00 per quarter. Defendant understands that he is encouraged to voluntarily make larger and more frequent payments than what is scheduled in this Consent Order. Defendant also understands that he can pay in full the balance of his criminal monetary penalties at any time.

7. Defendant agrees that the funds in his inmate trust account in the amount of $600.00 described in the previous paragraph are subject to turnover, pursuant to 18 U.S.C. §§ 3613(a) and 3664(k), 3664(m), and 3664(n), and expressly stipulates and agrees that the entry of a Consent Order to turn over said funds is proper.

2

Case 3:09-cr-00229-RJC-DCK   Document 205   Filed 10/30/23   Page 2 of 6

8. Defendant agrees that the remaining restitution balance is due and payable immediately. Defendant is to abide by the restitution payment schedule as agreed to in this Consent Order and as ordered in the Judgment. (Doc. No. 82). If Defendant defaults on any of his payment obligations for restitution, Defendant understands that the United States may take actions it is entitled to take pursuant to law to enforce the Judgment.

9. Defendant agrees that this Consent Order does not preclude him from any additional payment schedule as set by the Court, the United States Probation Office, or the United States Attorney's Office.

10. Nothing in this Consent Order prevents the United States from pursuing administrative offsets, including those by the Internal Revenue Service. Any payments applied as a result of an administrative offset shall be credited to the existing balance of Defendant's criminal monetary penalties but shall not offset or impact any other payments or conditions required in this Consent Order or Judgment.

11. Nothing in this Consent Order is a novation in any manner to reduce or diminish the full legal rights of the United States in the Judgment entered in this case or affect the Judgment in any manner. The United States shall be entitled to pursue any and all remedies allowed by law to collect the debt reflected in the Judgment.

12. Nothing in this Consent Order is a modification of the amount of restitution (Doc. No. 82 at p. 4) or the schedule of payments (id. at p. 6) ordered in this case.

13. The Parties waive any rights to further litigate the Government's motion for turnover (Doc. No. 196). Specifically, Defendant waives any rights to be heard, a hearing, and any other process in this matter to which Defendant may be entitled under 28 U.S.C. §§ 3001-3308.

14. The Parties agree that the terms and conditions of this Consent Order are final.

**IT IS THEREFORE ORDERED** that the Government's motions to authorize payment, (Doc. No. 196), and for entry of Consent Order, (Doc. No. 202), are **GRANTED**, and the BOP is hereby authorized to turn over to the Clerk of Court funds in the amount of $600.00 held in the inmate trust account for Defendant, Michael Gene Terrelonge, Register Number 24254-058, as partial payment of the criminal monetary penalties imposed in this case. The funds shall be paid to the Office of the United States District Court Clerk of Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, North Carolina 28202, and the Clerk of Court shall accept said funds.

**SO ORDERED**.

Signed: October 30, 2023

Robert J. Conrad, Jr.
United States District Judge

WITH CONSENT OF THE PARTIES:

                                                        DENA J. KING
                                                       UNITED STATES ATTORNEY

By: /s/ Elizabeth Blackwood        By: /s/ Julia A. Park
    Elizabeth A. Blackwood               Assistant United States Attorney
    National Association of Criminal Defense Lawyers     Pa. Bar No. 323684
    1660 L Street NW, 12th Floor             227 West Trade Street, Suite 1650
    Washington, DC 20036                   Charlotte, NC 28202
    Phone (202) 465-7665                    Ph: (704) 344-6222
    Fax (202) 872-8690                       Fax: (704) 227-0255
    eblackwood@nacdl.org                  Email: julia.park@usdoj.gov
    N.C. Bar No. 40664                       *Counsel for Plaintiff*
    *Local Civil Rule 83.1(d) Counsel for Defendant Michael Terrelonge*
    Rebecca Urquiola
    Madeline Silva
    Nora Niazian
    Julia Adams
    Debevoise & Plimpton LLP
    66 Hudson Blvd
    New York, NY 10001
    rmurquiola@debevoise.com
    mmsilva@debevoise.com
    naniazia@debevoise.com
    jmadams@debevoise.com
    Phone (212) 909-6000
    Fax (212) 909-6836
    *Counsel for Defendant Michael Terrelonge*